# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

TONY M. RUIZ,
ADC #157474                                                              PLAINTIFF

v.                          Case No. 1:18-cv-00025-KGB-JTK

ZACHERY HARMON, *et al.*                                               DEFENDANTS

## ORDER

Before the Court are two Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. Nos. 51, 141). Plaintiff Tony Ruiz filed objections to both (Dkt. Nos. 85, 143). Separate defendants Corporal Zachery Harmon and Sergeant Richard Fry filed objections to the second Proposed Findings and Recommendations (Dkt. No. 144). After careful review of the two Proposed Findings and Recommendations, Mr. Ruiz's objections, Corporal Harmon and Sergeant Fry's objections, as well as a *de novo* review of the record, the Court adopts both Proposed Findings and Recommendations as its findings in all respects (Dkt. Nos. 51, 141). The Court writes separately to address Mr. Ruiz's objections to both Proposed Findings and Recommendations and Corporal Harmon and Sergeant Fry's objections to the second Proposed Findings and Recommendations.

### I.     Background

Mr. Ruiz brings this action *pro se* under 42 U.S.C. § 1983 alleging claims of excessive force, assault and battery, and intentional infliction of emotional distress against defendants Corporal Harmon, Sergeant Fry, and Lieutenant Robert Robins (Dkt. No. 2). Mr. Ruiz later supplemented his complaint to add a failure to protect allegation against Corporal Harmon and Lieutenant Robins (Dkt. No. 56). Warden Toni Bradley, Director Wendy Kelley, Grievance Coordinator Peggy Durham, and the Arkansas Department of Correction ("ADC") were also

defendants, but the Court dismissed them from the action on June 25, 2018 (Dkt. No. 15). Mr. Ruiz alleges that an incident occurred on June 21, 2017, during which Sergeant Fry and Corporal Harmon sprayed him with mace without warning or provocation, and that Sergeant Fry struck Mr. Ruiz with a closed fist on more than one occasion (Dkt. No. 2, at 7-9). Mr. Ruiz further alleges that Lieutenant Robins held him to the ground during that time (*Id.*, at 8).

## II. First Proposed Findings And Recommendations

Mr. Ruiz filed a motion for summary judgment on November 5, 2018 (Dkt. No. 29). Defendants responded in opposition (Dkt. No. 40). On November 20, 2018, Judge Kearney submitted Proposed Findings and Recommendations recommending that Mr. Ruiz's first motion for summary judgment be denied (Dkt. No. 51). Mr. Ruiz's objections to these Proposed Findings and Recommendations were untimely, but the Court will consider them (Dkt. No. 85).

Judge Kearney concluded that Mr. Ruiz's motion for summary judgment should be denied because the parties dispute the material facts concerning whether defendants' actions were applied in a good faith effort or maliciously and sadistically to cause harm (Dkt. No. 51, at 4). Mr. Ruiz objects based on disagreements in the record about what occurred during the incident (Dkt. No. 85). Mr. Ruiz also repeats some of the allegations from his complaint (*Id.*, at 4-8). Mr. Ruiz requests a hearing with the Court to "show with proof of why [his] summary judgment should not be denied." (*Id.*, at 8). Attached to the objections are two grievances filed by Mr. Ruiz and another copy of Mr. Ruiz's objections (*Id.*, at 9-13; Dkt. No. 85-1).

After careful review of the Proposed Findings and Recommendations, Mr. Ruiz's objections, and a *de novo* review of the record, the Court agrees with Judge Kearney that Mr. Ruiz's first motion for summary judgment should be denied because there are genuine issues of material fact in dispute that preclude granting summary judgment.

### III. Second Proposed Findings And Recommendations

On April 8, 2019, defendants filed a motion for summary judgment (Dkt. No. 103). Mr. Ruiz responded in opposition (Dkt. No. 116). On May 15, 2019, Mr. Ruiz filed another motion for summary judgment (Dkt. No. 129), and defendants responded in opposition (Dkt. No. 132). On June 24, 2019, Judge Kearney submitted a second Proposed Findings and Recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part and that Mr. Ruiz's second motion for summary judgment be denied (Dkt. No. 141). Mr. Ruiz filed objections, and Corporal Harmon and Sergeant Fry filed partial objections (Dkt. Nos. 143, 144).

As an initial matter, Judge Kearney concluded that Mr. Ruiz asserts the same arguments in his second motion for summary judgment as he did in his first motion for summary judgment, and therefore, his second motion for summary judgment should also be denied (Dkt. No. 141, at 16). As to defendants' motion for summary judgment, Judge Kearney concluded that Mr. Ruiz's claims for damages against defendants should be dismissed based on sovereign immunity because defendants' employer, the ADC, is an agency of the State of Arkansas (Dkt. No. 141, at 4). Based on Mr. Ruiz's admission that he did not exhaust his remedies with respect to his failure to protect claim, Judge Kearney determined that Mr. Ruiz's failure to protect claim against Corporal Harmon and Lieutenant Robins should be dismissed without prejudice (*Id.*, at 6).

While Judge Kearney found that Lieutenant Robins was entitled to qualified immunity on Mr. Ruiz's excessive force claim, Judge Kearney concluded that Corporal Harmon and Sergeant Fry were not entitled to qualified immunity on the claim because a reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Mr. Ruiz, established a violation of his constitutional rights (*Id.*, at 15). In other words, there are genuine issues of

material fact in dispute that preclude granting qualified immunity at this stage to Corporal Harmon and Sergeant Fry. Judge Kearney further determined that Mr. Ruiz's claim for money damages and injunctive relief based on his loss of parole eligibility should be dismissed (*Id.*, at 16). Finally, Judge Kearney recommended that, because he concluded that Mr. Ruiz's constitutional excessive force claims against Corporal Harmon and Sergeant Fry should remain viable, the Court should continue to exercise supplemental jurisdiction over Mr. Fry's state law claims, absent proof that they are covered by liability insurance "for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." (*Id.* (quoting Ark. Code Ann. § 19-10-305)).

Mr. Ruiz objects to Judge Kearney's finding that the failure to protect claim should be dismissed for failure to exhaust (Dkt. No. 143, at 1). Mr. Ruiz admits that he did not specify in his grievances the legal terms for his claims, but he argues that he did grieve that "there were multiple officers around" when the incident with Corporal Harmon and Sergeant Fry occurred, and no one intervened, which he argues would make it seem as though Corporal Harmon and Sergeant Fry's actions were permitted and or encouraged (*Id.*, at 2). Mr. Ruiz argues that "it should be 'liberally construed' that officers and staff have failed to provide safety from excessive use of force and condoned all actions by these defendants" (*Id.*, at 2-3). According to Mr. Ruiz, Lieutenant Robins and Corporal Harmon are both liable for failing to protect Mr. Ruiz from excessive force and battery, and they had a duty to report the misuse of force to proper personnel and did not (*Id.*, at 7). Mr. Ruiz requests that the Court reconsider whether the failure to protect claim should be dismissed "since [the Prison Litigation Reform Act] doesn't demand a detail of every claim that would wind up in federal courts" (*Id.*, at 8).

In his deposition, Mr. Ruiz explains that, after the incident on June 21, 2017, he filed three grievances: "one on the excessive force, one on the mace, and one on the punching" (Dkt. No. 126, at 69). When asked if he filed any grievances about his failure to protect claim, Mr. Ruiz responded, "No, I didn't. No, I didn't." (*Id.*, at 89). Mr. Ruiz does not contest defendants' exhaustion argument in his response to defendants' motion for summary judgment (Dkt. Nos. 116, 117, 118, 120). Mr. Ruiz responded to defendants' reply and argued that, because he is a *pro se* litigant, he is allowed to have the Court draw reasonable inferences from his writings (Dkt. No. 128, at 1). Mr. Ruiz argues that the Court should draw from his grievances that he grieved the failure to protect claim and, thus, that he administratively exhausted such claim (*Id.*). Mr. Ruiz asserts that, "Did I specifically grieve the failure to protect or equal protection claim that was placed as a claim in this lawsuit, no, but I did supply the Courts with a number of grievances to which (if I had) a lawyer would've inserted the equal protection in the claims as well." (*Id.*, at 1-2). Mr. Ruiz points the Court to Docket No. 26, pages 1 to 2, where he alleges that he states "there were multiple officers around" at the time of the incident (*Id.*, at 1). Mr. Ruiz also points the Court to Dkt. No. 16, pages 3 to 4 and 6 to 8 (*Id.*, at 2). According to Mr. Ruiz, these grievances show that he did exhaust administrative remedies in his complaint because it can be inferred from his grievances that officers failed to intervene during the use of excessive force and battery (*Id.*). Mr. Ruiz further argues that defendants' argument on exhaustion should also fail because grievances need not include legal terminology or legal theories unless they are in some way necessary to provide notice of the harm being grieved nor, he argues, must grievances contain every fact necessary to prove each element of an eventual legal claim (*Id.*, at 2-3).

The Court has reviewed the grievances Mr. Ruiz filed after the June 21, 2017, incident (Dkt. Nos. 16, at 3-4, 6-8; 26, at 1-2). The Court finds no language in Mr. Ruiz's grievances in

5

Docket No. 26, pages 1 and 2, or in Docket No. 16, pages 3, 4, and 7, that could be construed to allege his failure to protect claims. The Court cannot review Mr. Ruiz's grievances in Dkt. No. 16, pages 6 and 8, as they appear illegible due to copying or scanning. However, based on Mr. Ruiz's admission in his deposition that he did not file any grievances about his failure to protect claim, the Court agrees with Judge Kearney that this claim should be dismissed without prejudice.

Corporal Harmon and Sergeant Fry also object to Judge Kearney's findings, arguing that the evidence shows that the amount of force used was appropriate given the escalating situation, and/or that, given the rapid escalation of events, a reasonable correctional officer would not know that his or her actions violated a clearly established right (Dkt. No. 144, at 2). Corporal Harmon and Sergeant Fry argue that the need for physical force became high as Mr. Ruiz refused multiple direct orders, used a raised voice, and kept his hand in what appeared to at least one ADC officer as a clenched fist (*Id.*, at 5). Further, Corporal Harmon and Sergeant Fry submit that Mr. Ruiz is a sizable and strong inmate who repeatedly defied reasonable orders and assumed an aggressive posture (*Id.*). According to Corporal Harmon and Sergeant Fry, they used the appropriate amount of force given the situation that Mr. Ruiz created (*Id.*). Corporal Harmon and Sergeant Fry assert that Mr. Ruiz was given multiple opportunities to comply with reasonable orders to step away from the door and then later to kneel and submit to restraints (*Id.*, at 6). For these reasons, Corporal Harmon and Sergeant Fry argue that they are entitled to qualified immunity and statutory immunity (*Id.*, at 7).

As Judge Kearney explained, to determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether the right was so clearly established that a reasonable official would

have known that his or her actions were unlawful (Dkt. No. 141, at 6 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009))). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative (*Id.*, at 6-7 (citing *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009))).

To support an excessive force claim, Mr. Ruiz must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline but rather maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Factors to be considered in determining the reasonable use of excessive force include whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, efforts the officers used to temper the severity of their response, and the extent of the incarcerated person's injury. *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002).

Corporal Harmon and Sergeant Fry cite cases in which the Eighth Circuit Court of Appeals found that the prison guard did not use excessive force based on a finding that the inmate posed a threat (Dkt. No. 144, at 4). These cases do not persuade the Court. In *Jones v. Shields*, 207 F.3d 491 (8th Cir. 2000), a corrections officer testified that he recalled the inmate "charging toward" the officer who sprayed the inmate; in *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014), the inmate threw a shampoo bottle and soap towards the guards.

As explained by Judge Kearney, Mr. Ruiz and defendants provide conflicting accounts of the June 21, 2017, incident as to whether Corporal Harmon and Sergeant Fry warned Mr. Ruiz prior to spraying him three times and whether the force they applied was justified. The Court has also reviewed the videos of the June 21, 2017, incident, and the Court agrees with Judge Kearney's summary (Dkt. No. 127; Dkt. No. 141, at 9-10, 13-14). Viewing the facts in the light most favorable to Mr. Ruiz, as the Court is required to do at this stage, a reasonable fact finder could

have known that his or her actions were unlawful (Dkt. No. 141, at 6 (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009))). Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative (*Id.*, at 6-7 (citing *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009))).

To support an excessive force claim, Mr. Ruiz must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline but rather maliciously and sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Factors to be considered in determining the reasonable use of excessive force include whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, efforts the officers used to temper the severity of their response, and the extent of the incarcerated person's injury. *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002).

Corporal Harmon and Sergeant Fry cite cases in which the Eighth Circuit Court of Appeals found that the prison guard did not use excessive force based on a finding that the inmate posed a threat (Dkt. No. 144, at 4). These cases do not persuade the Court. In *Jones v. Shields*, 207 F.3d 491 (8th Cir. 2000), a corrections officer testified that he recalled the inmate "charging toward" the officer who sprayed the inmate; in *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2014), the inmate threw a shampoo bottle and soap towards the guards.

As explained by Judge Kearney, Mr. Ruiz and defendants provide conflicting accounts of the June 21, 2017, incident as to whether Corporal Harmon and Sergeant Fry warned Mr. Ruiz prior to spraying him three times and whether the force they applied was justified. The Court has also reviewed the videos of the June 21, 2017, incident, and the Court agrees with Judge Kearney's summary (Dkt. No. 127; Dkt. No. 141, at 9-10, 13-14). Viewing the facts in the light most favorable to Mr. Ruiz, as the Court is required to do at this stage, a reasonable fact finder could

determine that Mr. Ruiz did not pose a threat to Corporal Harmon and Sergeant Fry. The Court agrees with Judge Kearney that a reasonable juror could find objectively unreasonable the actions of Corporal Harmon and Sergeant Fry in spraying Mr. Ruiz and of Corporal Harmon in punching Mr. Ruiz, under the circumstances he alleges. With respect to whether Corporal Harmon and Sergeant Fry's June 21, 2017, alleged actions violated clearly established law, the Court further agrees with Judge Kearney that the relevant law was clearly established at that time.

The Court concludes that a reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Mr. Ruiz, establish a violation of his constitutional right and that Corporal Harmon and Sergeant Fry are not entitled to qualified immunity as to Mr. Ruiz's excessive force claim. The Court will continue to exercise supplemental jurisdiction over Mr. Ruiz's state law claims absent proof that they are covered by liability insurance "for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment." Ark. Code Ann. § 19-10-305.

### IV. Conclusion

For these reasons, the Court adopts the two Proposed Findings and Recommendations as its findings in all respects (Dkt. Nos. 51, 141). Accordingly, the Court grants in part and denies in part defendants' motion for summary judgment (Dkt. No. 103). Defendants are granted summary judgment in their favor on Mr. Ruiz's monetary claims against defendants in their official capacities, Mr. Ruiz's monetary and injunctive relief claims against defendants based on his loss of parole eligibility, Mr. Ruiz's failure to protect claims against Lieutenant Robins and Corporal Harmon, and Mr. Ruiz's excessive force claim against Lieutenant Robins. The Court denies Mr. Ruiz's motions for summary judgment (Dkt. Nos. 29, 129).

It is so ordered this 28th day of August, 2019.

_____
Kristine G. Baker
United States District Judge