**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**TONY M. RUIZ,**
**ADC #157474**                                                                               **PLAINTIFF**

**v.**                                      **Case No. 1:18-cv-00025-KGB-JTK**

**ZACHERY HARMON,** *et al*.                                          **DEFENDANTS**

**ORDER**

Before the Court is separate defendant Lieutenant Robert Robins' motion for reconsideration (Dkt. No. 167).  Plaintiff Tony M. Ruiz filed a response (Dkt. No. 169), and Lieutenant Robins filed a reply (Dkt. No. 171).  For the following reasons, the Court denies Lieutenant Robins' motion for reconsideration (Dkt. No. 167).

**I.      Background**

Mr. Ruiz initiated this action on April 11, 2018, against several defendants (Dkt. No. 2). Four of these defendants were terminated from this action by Order of this Court on June 25, 2018 (Dkt. No. 15).  That Order left three defendants in this action:  Corporal Zachary Harmon, Sergeant Richard Fry, and Lieutenant Robins (Dkt. Nos. 2; 28; 56).  Mr. Ruiz alleged claims of excessive force, assault and battery, and intentional infliction of emotional distress against defendants Corporal Harmon, Sergeant Fry, and Lieutenant Robins, and Mr. Ruiz later supplemented his complaint to add a failure to protect allegation against Corporal Harmon and Lieutenant Robins (Dkt. Nos. 2; 56).  Specifically, Mr. Ruiz alleges that an incident occurred on June 21, 2017, during which Sergeant Fry and Corporal Harmon sprayed him with mace without warning or provocation, and that Sergeant Fry struck Mr. Ruiz with a closed fist on more than one occasion (Dkt. No. 2, at 7-9).  Mr. Ruiz further alleges that Lieutenant Robins held him to the ground during that time (*Id.*, at 8).

On November 5, 2018, Mr. Ruiz filed a first motion for summary judgment (Dkt. No. 29), and defendants responded in opposition (Dkt. No. 40).  On November 20, 2018, United States Magistrate Judge Jerome T. Kearney submitted the first Proposed Findings and Recommendations recommending that Mr. Ruiz's motion for summary judgment be denied (Dkt. No. 51).  Mr. Ruiz submitted untimely objections which the Court chose to consider (Dkt. No. 85).  On April 8, 2019, defendants filed a motion for summary judgment (Dkt. No. 103), and Mr. Ruiz responded in opposition (Dkt. No. 116).  On May 15, 2019, Mr. Ruiz filed a second motion for summary judgment (Dkt. No. 129), and defendants responded in opposition (Dkt. No. 132).  On June 24, 2019, Judge Kearney submitted the second Proposed Findings and Recommendations recommending that defendants' motion for summary judgment be granted, in part, and denied, in part, and that Mr. Ruiz's second motion for summary judgment be denied (Dkt. No. 141).  Of relevance here, Judge Kearney recommended that defendants' motion for summary judgment be granted, in part, as to Mr. Ruiz's monetary claims against them in their official capacities; Mr. Ruiz's monetary and injunctive relief claims against them based on his loss of parole eligibility; Mr. Ruiz's failure to protect claims against Corporal Harmon and Lieutenant Robins; and Mr. Ruiz's excessive force claim against Lieutenant Robins (Dkt. No. 141, at 16-17).  Judge Kearney recommended that defendants' motion for summary judgment be denied without prejudice as to Mr. Ruiz's excessive force claims against Corporal Harmon and Sergeant Fry and Mr. Ruiz's state law claims (*Id.*, at 17).  Mr. Ruiz filed objections (Dkt. No. 143), and Corporal Harmon and Sergeant Fry filed partial objections (Dkt. No. 144).  Lieutenant Robins did not file any objections.

On August 28, 2019, the Court entered an Order adopting the two Proposed Findings and Recommendations as its findings in all respects (Dkt. Nos. 51; 141; 146).  The Court granted summary judgment in defendants' favor on Mr. Ruiz's monetary claims against defendants in their

official capacities, Mr. Ruiz's monetary and injunctive relief claims against defendants based on

his loss of parole eligibility, Mr. Ruiz's failure to protect claims against Lieutenant Robins and

Corporal Harmon, and Mr. Ruiz's excessive force claim against Lieutenant Robins (Dkt. No. 146,

at 8).  The Court denied defendants' motion for summary judgment as to Mr. Ruiz's excessive

force claims against Corporal Harmon and Sergeant Fry and Mr. Ruiz's state law claims against

all defendants (*Id.*).

On June 24, 2020, Lieutenant Robins filed the instant motion (Dkt. No. 167).

## II.      Legal Standard

District courts have the inherent power to reconsider an interlocutory order any time prior

to the entry of judgment.  *See Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992).  "A

'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a

motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a

Rule 60(b) motion for relief from judgment."  *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992,

997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)).

The Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule

60(b) motions when directed at non-final orders.'"  *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th

Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).  An order

granting, in part, and denying, in part, a motion for summary judgment is "a non-final summary

judgment order because that order resolve[s] only part of the[] dispute."  *Nelson v. Am. Home

Assurance Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012); *see also Auto Servs. Co.*, 537 F.3d at 856

("[A]n order dismissing fewer than all claims or parties is generally not a final judgment.").

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of

mistake,   inadvertence,   surprise,   or   excusable   neglect;   newly   discovered   evidence;   fraud,

misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'"  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Prop. Located at Tracts 10 & 11 of Lakeview Heights, Canyo Lake, Comal Cnty., Tex.*, 51 F.3d 117, 119 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).  "Rule 60(b) is a motion grounded in equity and exists to prevent the [order or] judgment from becoming a vehicle of injustice."  *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks and citation omitted).  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).  Importantly, a motion to reconsider should not be used "to raise arguments which could have been raised prior to the issuance of" the challenged order or judgment.  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988), *cert denied*, 488 U.S. 820 (1988).

### III.   Motion For Reconsideration

#### A.   Arguments

Lieutenant Robins asks this Court to reconsider its August 28, 2019, Order; grant him summary judgment on Mr. Ruiz's state law claims; and dismiss him from this action (Dkt. No. 167, ¶ 2).  Lieutenant Robins maintains that he cannot be held liable on the merits for Mr. Ruiz's

state law claims because his actions were constitutionally reasonable (*Id.*).  Lieutenant Robins asserts that granting his motion and dismissing him from this action would correct an error of law, save judicial and party resources, and prevent the injustice of requiring him to go to trial where his conduct was reasonable and not legally actionable (*Id.*, ¶ 3).  Lieutenant Robins argues that this Court "incorrectly decided a legal question" in the challenged order, suggesting that Lieutenant Robins seeks relief under Federal Rule of Civil Procedure 60(b)(1) which provides relief due to "mistake, inadvertence, surprise, or excusable neglect" (Dkt. No. 168, at 3).  *See* Fed. R. Civ. P. 60(b)(1).  Lieutenant Robins also appears to argue for relief pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows a court to "reconsider an earlier ruling for 'any other reason that justifies relief.'" (Dkt. No. 168, at 3).  *See* Fed. R. Civ. P. 60(b)(6).  The Court notes, however, that Lieutenant Robins fails to state clearly which provision of Rule 60(b) guarantees him relief. Lieutenant Robins also maintains that Mr. Ruiz's tort of outrage claim should fail on the merits and that he should be awarded summary judgment on that claim (Dkt. No. 168, at 5-6).

In response, Mr. Ruiz asserts that the Court should not reverse any previous orders because relief under Federal Rule of Civil Procedure 60(b) is reserved for "exceptional circumstances" and that no exceptional circumstances are present here (Dkt. No. 169, ¶ 3).  *See United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), *cert denied*, 484 U.S. 836 (1987).  Mr. Ruiz notes that Lieutenant Robins seeks reconsideration of an order entered almost ten months ago and that Lieutenant Robins failed to object to the recommended disposition that the Court adopted (*Id.*, ¶ 4).  Mr. Ruiz states that Lieutenant Robins' argument is not appropriately raised through a Rule 60(b) request for relief and that his motion should be denied (*Id.*).

In reply, Lieutenant Robins highlights *Smith v. Kilgore*, 926 F.3d 479, 486 (8th Cir. 2019), an Eighth Circuit case regarding reasonable force and assault and battery claims which Lieutenant

Robins asserts supports his position (Dkt. No. 171, at 1).  Lieutenant Robins argues that, because

the Court found that he did not use unconstitutional force against Mr. Ruiz, Mr. Ruiz's state law

claims fail as a matter of law (*Id.*).  Lieutenant Robins reiterates his position that the Court should

reconsider its ruling and grant him summary judgment on Mr. Ruiz's remaining state law claims

to avoid unnecessary prejudice to Lieutenant Robins, the potential for serious juror confusion, and

a waste of judicial and party resources (*Id.*, at 1-2).

####       B.       Analysis

As an initial matter, the Court notes that Lieutenant Robins offers no explanation for his

failure to raise these arguments in defendants' motion for summary judgment; obtain a ruling from

Judge Kearney on these arguments, if appropriately raised; or object to Judge Kearney's Proposed

Findings and Recommendations prior to this Court's adopting them.  Corporal Harmon and

Sergeant Fry raised objections regarding Mr. Ruiz's claims, including Mr. Ruiz's state law claims

(Dkt. No. 144, at 8).  As the Eighth Circuit has noted, Rule 60(b) provides "extraordinary relief"

and "may be granted only upon an adequate showing of exceptional circumstances."  *Atkinson v.*

*Prudential Prop., Co.*, 43 F.3d 367, 371 (8th Cir. 1994) (quotations and citations omitted).

Lieutenant Robins had available the usual channels to raise these arguments, including the

opportunity to object to Judge Kearney's Proposed Findings and Recommendation, and declined

to do so.  *See id.* at 373 ("Relief is available under Rule 60(b)(6) only where 'exceptional

circumstances prevented the moving party from seeking redress through the usual channels.'"

(quoting *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989))).  In this case, based on the

Court's review, there are no "exceptional circumstances" to justify under Rule 60(b)(6) the relief

Lieutenant Robins' seeks.

Lieutenant Robins also has not demonstrated "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment" as required by Rule 60(b)(1) or (6).  Fed. R. Civ. P. 60(b)(1), (6).  Lieutenant Robins admits that "[t]here is no clear authority from the United States Supreme Court or Eighth Circuit on the current issue," leaving the Court hard-pressed to find a mistake or incorrect legal conclusion warranting such extraordinary relief (Dkt. No. 168, at 3).

Under Arkansas law, plaintiffs may proceed with intentional torts such as those alleged here against defendants separate from any constitutional claims, especially since "[i]ntentional torts overcome the immunity extended to State officers and employees."  *Grinen v. Bd. of Trs.*, 2 S.W.3d 54, 59 (Ark. 1999); *see also Ark. State Med. Bd. v. Byers*, 521 S.W.3d 459, 463-65 (Ark. 2017) (analyzing malice allegations and state civil rights claims separate from federal civil rights claims); *see also* 1 Howard W. Brill & Christian H. Brill, Law of Damages §§ 33:6, 33:13 (Nov. 2019 update) (listing elements of assault, battery, and outrage under Arkansas law).  Recent Eighth Circuit precedent further supports this conclusion.  *See Franklin v. Franklin Cnty., Ark.*, 956 F.3d 1060, 1060-61 (8th Cir. 2020) (granting qualified immunity on the 42 U.S.C. § 1983 excessive-force claims because defendants' actions did not violate the constitution but remanding state claims to the district court for further proceedings, including a determination whether to exercise supplemental jurisdiction over the claims).

Additionally, Lieutenant Robins misstates the outcome of *Smith v. Kilgore* in asserting his position (Dkt. No. 171, at 1).  In *Smith v. Kilgore*, the Eighth Circuit concluded that the defendant officers used reasonable force and that, as a result, the district court properly rejected the plaintiff's assault, battery, and wrongful death claims against them.  *See* 926 F.3d at 486.  Lieutenant Robins claims that this conclusion means that Mr. Ruiz's state law claims fail as a matter of law (Dkt. No.

171, at 1).  However, the Eighth Circuit reached this conclusion by relying on Missouri law, under which officers can be liable for assault, battery, and wrongful death claims only when they use unreasonable force.  *See* 926 F.3d at 486 (citing *Wright v. United States*, 892 F.3d 963, 967-68 (8th Cir. 2018); *Hassan v. City of Minneapolis*, 489 F.3d 914, 920 (8th Cir. 2007); *Neal v. Helbling*, 726 S.W.2d 483, 487 (Mo. App. 1987)).  On this point, Arkansas and Missouri law differ, and the Court determines the Eighth Circuit's conclusion in *Smith v. Kilgore* applying Missouri law has no application to the facts of this case where Arkansas law controls.  The Court declines through a Rule 60(b) motion on a less than fully developed factual record to examine and rule on what all parties concede are unsettled legal questions.

Finally, to the extent Lieutenant Robins seeks summary judgment in his favor on Mr. Ruiz's tort of outrage claim, the Court denies that request (Dkt. No. 168, at 5-6).  Judge Kearney set a dispositive motions deadline in this case for December 29, 2018 (Dkt. No. 14).  This Court entered a Final Scheduling Order on January 21, 2020, and that Order did not reset the dispositive motions deadline (Dkt. No. 152).  Under Federal Rule of Civil Procedure 16(b), a party may file a motion for summary judgment at any time until the time limit for filing such motions under a district court's scheduling order expires.  Lieutenant Robins' request for summary judgment on this issue through the instant motion is procedurally inappropriate.

## IV.    Conclusion

For these reasons, the Court denies Lieutenant Robins' motion (Dkt. No. 167).

 So ordered this the 10th day of July, 2020.

Kristine G. Baker
United States District Judge